# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HERMAN L. CRAWFORD,

      Plaintiff,

    v.                                      Case No. 07-C- 840

DEPARTMENT OF CORRECTIONS,
JULIA STARR, ANTHONY FLORES,
JULIE SMITH, JULIA STARK,
JOE HENGER,
STURTEVANT TRANSITIONAL FACILITY,
and SUSAN NYGREN,

      Defendants.

## DECISION AND ORDER

Plaintiff, Herman Crawford, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. By order of October 16, 2007, plaintiff was allowed to file an amended complaint after he submitted additional papers with the court which provided further factual information and asserted new claims against additional defendants (Joe Henger and Sue Nygren). The amended complaint was filed on October 25, 2007, and is the operative pleading in this case. This matter comes before me on plaintiff's motion to proceed in forma pauperis.

The plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return

it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court then assesses and, when funds exists, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately proceeding the filing of the complaint. Id.

In accordance with the court's order of September 24, 2007, plaintiff has paid the initial partial filing fee of $5.71. In addition, to date, plaintiff has paid an additional $50.00 toward the filing fee. Hence, he will be permitted to proceed in forma pauperis. Plaintiff's $294.29 balance will be collected as set forth below.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

2

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff is currently confined at the Sturtevant Transitional Facility (STF). The amended complaint names as defendants the Wisconsin Department of Corrections (WDOC), Julie Smith (Supervision Agent at "Sturtevant Probation and Parole" [SPP]), Lisa Kenyon (Regional Chief at SPP), Anthony Flores (Agent at "6th St. Cophouse"), Julia Starr

3

(Agent at "Mead St. Cophouse"), Julia Stark (Supervisor at SPP), Joe Henger ("facilitator of Sex offender treatment" at SPP), Sturtevant Transitional Facility and Sue Nygren, R.N.

The allegations in plaintiff's sworn but undated amended complaint are somewhat cryptic. Based on my reading of the complaint, plaintiff appears to contend that the procedures at his revocation of supervision hearing were inadequate and violated his constitutional rights as well as various state laws. In addition, plaintiff alleges that he did not receive necessary medical treatment in violation of his Eighth Amendment rights. I will address plaintiff's specific allegations below.

### I. State Agency Defendants

Plaintiff has launched a series of allegations against the STF concerning the adequacy of the medical treatment he received from its "staff" throughout the "period of April to present of 2007." (Am. Compl. at 3b.) Based on the alleged deficient treatment, he seeks compensatory damages from STF in the amount of $500,000. (Am. Compl. at Ex. II.) In addition, he has named the WDOC as a defendant, but he does not make any specific allegations against this defendant.

The STF and the WDOC are agencies of the State of Wisconsin and are not proper defendants. Neither is a "person" for purposes of § 1983. See Lapides v. Bd. of Regents, 535 U.S. 613, 617-18 (2002); Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Therefore, the STF and WDOC will be dismissed from this action.

### II. Claims Alleging Violation of State Criminal Statutes

Plaintiff alleges that each of the individual defendants, save Susan Nygren, violated various state criminal statutes. For instance, he maintains that defendants Smith, Starr and

4

Flores tampered with public records in violation of Wis. Stats. § 946.72(2), and that these defendants, along with defendant Kenyon, violated court orders in contravention of Wis. Stat. § 940.48. Other criminal violations were also alleged such as misconduct in office, perjury, false swearing and criminal malpractice (against Joe Henger). Plaintiff's desire to charge defendants with criminal violations ignores the fact that private citizens cannot initiate criminal prosecutions in federal court. See Turner v. Publishers Clearing House Executives, 2002 WL 1592525, *1 (7th Cir. 2002). Thus, all of the claims that allege violations of Wisconsin's criminal statutes will be dismissed.

### III. Personal Involvement

Other than naming Susan Nygren as an "additional defendant," the amended complaint contains no allegations against her. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Because the complaint does not allege that defendant Nygren caused or participated in any constitutional violation, she will be dismissed from this action for lack of personal involvement.

### IV. Allegations Against Defendants Smith, Stark and Kenyon Pertaining to His Revocation Hearings

With respect to his claims relating to his revocation hearings, I have been able to glean the following allegations from the amended complaint. Plaintiff states that, on April

5

Case 1:07-cv-00840-LA   Filed 01/16/08   Page 5 of 12   Document 12

20, 2007, defendant Stark "refused clients preliminary hearing with malice in violation with due process rights" and "approved false statement to impose 'fraud on the Court.'" (Am. Compl. 2m). Similar allegations have been launched against defendant Smith. Specifically, he asserts that Agent Smith "testified in a Court proceeding false and inaccurate information under oath" and provided the court with 'fraudulent and contradictive [sic] documentation and records." (Am. Compl. at 2L.) In addition, he asserts that, on April 27, 2007, defendant Smith "failed to adhere to procedural rights of client by coercing a statement through an inadmissible polygraph examination" and "did not provide written notice, violating Plaintiffs [sic] due process rights . . . ." (Am. Compl. at 1b.) In addition, he avers that Lisa Kenyon, the Regional Chief, violated his due process rights when she "refused to investigate the misconduct of Agent Julie Smith in regards to the unnecessary custody of client." (Am. Compl. at 2n.)

Plaintiff fails to indicate whether his revocation hearing pertained to parole or probation, but regardless, an individual on parole or probation has a protectable liberty interest associated with his status as a parolee or probationer. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (parole); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (probation). A probationer or parolee is entitled to a preliminary and a final revocation hearing that must meet certain procedural due process standards. Morrissey, 408 U.S. at 485-88; Gagnon, 411 U.S. at 782.

With respect to the preliminary hearing, the Supreme Court has stated that the minimum requirements of due process entitle a probationer or parolee to the following: "notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state

6

what parole violations have been alleged." Morrissey, 408 U.S. at 487; Gagnon, 411 U.S. at 782. The due process requirements for a final revocation include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey, 408 U.S. at 488-89; Gagnon, 411 at 782.

Liberally construed, plaintiff's allegation that he was denied a preliminary hearing by defendant Stark and that defendants Smith and Kenyon did not give him notice of the next hearing (presumably, the final revocation hearing) implicate his rights under the due process clause. Thus, plaintiff will be allowed to proceed on his due process claim against these defendants. Plaintiff is advised that his claim regarding the legitimacy of his final revocation hearing appears to involve issues cognizable in habeas corpus as set forth in Heck v. Humphrey, 512 U.S. 477, 481 (1994) (a petition for a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"). This is especially true since his request that the court return him to "supervision" seems to ask the court to release him from custody and restore him to his former probationary status. However, since Heck is generally an affirmative defense, I will not dismiss this claim at this stage. See Okoro v. Bohman, 164 F.3d 1059, 1061 (7th Cir. 1999).

7

## V. Eighth Amendment Medical Treatment Claims

Plaintiff contends that various defendants were deliberately indifferent to his mental health needs in violation of the Eighth Amendment. As I read the amended complaint, plaintiff contends that defendants Starr, Flores, Smith, and Stark failed to follow court orders which required him to undergo psychiatric treatment ("Mental Health & Substance Abuse Treatment") and to receive medication for his depression. As a result of the conduct of these defendants, he attests that he attempted suicide on November 2, 2006 and suffered "bodily harm." (Am. Compl. at 1a, 2K(1), 2L, 2m and 3). His only allegation against defendant Kenyon is that after his attempted suicide "to the present" she "allowed Agents to continually deny Clients [sic] order . . . which led to self-destructive behaviors." (Am. Compl. at 2n.)

In addition, plaintiff alleges that Joe Henger, the "facilitator of sex offender treatment" at SPP, has failed to "cater[]" to his diagnosed "major depression" and "mental health needs." (Am. Compl. at 4.) He insists that "[r]ather than use his skill and treatment to assist his client by assessing their needs [defendant Henger] simply forces admission," and that, on November 2, 2006, he used his authority to take information from the client and use it against him." Id. As a result of defendant Henger's "lack of attention and therapy in group" plaintiff attempted suicide on November 2, 2006. Id.

Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying

8

or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

Based on these standards, I find that the allegations in the amended complaint state a medical care claim against defendants Starr, Flores, Smith, Stark and Henger. Liberally construed, plaintiff has alleged that these defendants were aware of his serious medical need – diagnosed depression and court ordered psychiatric care – but ignored his treatment needs which resulted in plaintiff attempting suicide.

However, the vague allegations in the amended complaint against defendant Kenyon, even generously construed, are not sufficient to create an inference that she was deliberately indifferent to plaintiff's serious medical needs. Plaintiff has failed to indicate, with any degree of specificity, how the action (or inaction) of this defendant interfered with his needs such that he was harmed. In the absence of such allegations, defendant Kenyon is not given fair notice of what the claim is against her or the grounds upon which those claims rest as required under Rule 8(a). See Erickson, 127 S.Ct. at 2200.

Hence, plaintiff will be allowed to proceed on his Eighth Amendment claims against defendants Starr, Flores, Smith, Stark and Henger, but the Eighth Amendment medical treatment claim against defendant Kenyon will be dismissed.

## VI. State Law Slander Claim

The plaintiff also brings a state law "slander of title" claim against defendants Starr, Flores and Smith pursuant to Wis Stat. § 706.13(1) which provides, in relevant part, that:

> any person who submits for filing, entering in the judgment and lien docket or recording, any lien, claim of lien, lis pendens, writ of attachment, financing statement or any other instrument relating to a security interest in or the title to real or personal property, and who knows or should have known that the contents or any part of the contents of the instrument are false, a sham or

9

> frivolous, is liable in tort to any person interested in the property whose title is thereby impaired, for punitive damages of $1,000 plus any actual damages caused by the filing, entering or recording.

The complaint is devoid of any allegations suggesting that these defendants filed or submitted a false lien or any other security interest relating to plaintiff's real or personal property. Thus, his state law claim under Wis. Stat. § 706.13 will be dismissed.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket # 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the defendants STF and WDOC and Sue Nygren are **DISMISSED** pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims alleging violations of state criminal statutes and Wis. Stat. § 706.13 and his Eighth Amendment claim against defendant Kenyon are **DISMISSED** pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Warden or his designee shall collect from the plaintiff's prison trust account the $294.29 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Warden and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to her attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16 day of January, 2008.

/s_____
LYNN ADELMAN
United States District Judge