UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**HERMAN L. CRAWFORD,**

    **Plaintiff,**

v.        Case No. 07-C-840

**JULIE SMITH, LISA KENYON,
ANTHONY FLORES, JULIA STARR,
JULIA STARK, and JOE HENGER**

    **Defendants,**

## MEMORANDUM AND ORDER

Defendants Smith, Kenyon, Flores, Starr, and Stark filed a motion to dismiss on April 1, 2008. Under the applicable procedural rules, plaintiff's response to that motion should have been filed on or before May 1, 2008. However, I granted plaintiff's motion for an extension, and permitted plaintiff to file his response on or before September 22, 2008. After plaintiff still failed to file any response, I warned him that I would dismiss this action with prejudice for lack of prosecution if he failed to file his response by January 6, 2009.

On December 29, 2008, the plaintiff filed a motion for extension of time and appointment of counsel. Plaintiff states that he cannot afford legal representation, and that his parole agent, who is a defendant in this case, is refusing to provide him with files and information he needs to respond to the motion to dismiss. On January 5, 2008, the plaintiff filed a letter stating that he has started his response brief but needs more time as his parole agent refuses to provide him with necessary documents and information.

Regarding plaintiff's motion to appoint counsel, I note that indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court.

Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 654-55. Plaintiff has not demonstrated that he has attempted to obtain legal counsel on his own without success.

Regarding plaintiff's motion for an extension of time, I note that he fails to describe the documents and information allegedly withheld by his parole agent. It is therefore unclear whether they are relevant to the motion to dismiss. I also note that although the motion to dismiss was filed over nine months ago, and plaintiff's response was initially due over eight months ago, plaintiff has not filed any motions to compel discovery. Nonetheless, I will give plaintiff the benefit of a third and final extension to complete his brief. Plaintiff's response to defendants' motion to dismiss must be filed prior to January 20, 2009. If plaintiff believes that defendants have withheld relevant information or documents, he shall clearly describe such information or documents in his brief, as well as his attempts to obtain them.

**IT IS THEREFORE ORDERED** that this case may be dismissed with prejudice for failure to prosecute, unless prior to **January 20, 2009**, plaintiff responds to defendants' motion to dismiss.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Doc. # 46) is **GRANTED** and his motion to appoint counsel (also Doc. #46) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9 day of January, 2009.

/s_____
LYNN ADELMAN
District Judge